IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM SIDNEY CLEEK, III, # 196383, | ) |
| Petitioner, | ) |
| v. | ) No. 3:24-cv-00828 |
| DARREN HALL, | ) Judge Richardson |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner William Creek filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) challenging his custody pursuant to a Tennessee conviction for aggravated assault and possession of a firearm subsequent to a felony conviction. He later filed an Amended Petition (Doc. No. 13). Respondent filed a Motion to Dismiss (Doc. No. 27), and Petitioner filed a Reply (Doc. No. 31).[1]

## I. Procedural and Factual Background

On July 27, 2023, Petitioner pled guilty to felony possession of a weapon and aggravated criminal assault, in Davidson County Criminal Court. (Doc. No. 26-1 at 83) (Judgment). Petitioner represented himself for the plea hearing and other pretrial proceedings. (*See id.* at 58) (Tennessee Court of Criminal Appeals order denying motion to recuse trial judge). Two weeks after pleading guilty, Petitioner filed a motion to withdraw his guilty plea. (*See id.* at 65). The trial court denied the motion on August 25, 2023. (*Id.* at 69).

---

[1] Petitioner filed two identical copies of his Reply. (Doc. Nos. 30, 31). The Court will refer to the later-filed document.

Petitioner appealed. (Doc. No. 26-6 at 118) (Tennessee Court of Criminal Appeals order waiving appeal deadline and deeming Petitioner's notice of appeal timely). However, while the appeal was pending, Petitioner was indicted for a different offense in Davidson County. (*Id.* at 119). On July 26, 2024, Petitioner moved through counsel to voluntarily dismiss the appeal pursuant to a negotiated plea agreement in the new prosecution. (*Id.*) Petitioner signed an affidavit explaining that he "freely and voluntarily request[ed] the dismissal of this appeal as part of the negotiated plea agreement." (*Id.* at 121; *see id.* at 125−27 (Petition to Enter Plea of Guilty)). The Tennessee Court of Criminal Appeals granted Petitioner's motion and dismissed the appeal on July 31, 2024. (*Id.* at 135).

While his appeal remained pending in the Tennessee Court of Criminal Appeals, on June 10, 2024, Petitioner filed an application for extraordinary appeal[2] in the Tennessee Supreme Court. *See State v. Cleek*, No. M2023-01609-SC-R10-CD (Tenn.) (docket available by search at pch.tncourts.gov). The Tennessee Supreme Court summarily denied that application on December 11, 2024. (Doc. No. 26-6 at 136).

## II. Petitioner's Claims and Respondent's Arguments

In the Amended Petition, Petitioner asserts the following grounds for relief:

1. the trial court accepted his guilty plea in violation of due process because of a pending motion to recuse judge;

---

[2] Rule 10 of the Tennessee Rules of Appellate Procedure creates a mechanism for interlocutory appeal of lower-court orders:

> An extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals: (1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules.

Tenn. R. App. P. 10(a).

2. his guilty plea was unknowing and involuntary;

3. the state withheld exculpatory evidence;

4. the trial court denied his right to present a defense;

5. the State engaged in malicious prosecution and obstruction of justice;

6. court documents and records were manipulated;

7. he was convicted of being a felon in possession of a firearm despite no valid predicate felony conviction; and

8. he was convicted despite insufficient evidence of guilt.

(Doc. No. 13 at 2−5).

Respondent has filed a Motion to Dismiss, arguing therein that Petitioner's claim based on an involuntary plea agreement is procedurally defaulted and that Petitioner's remaining claims are not cognizable. (Doc. No. 27). Petitioner has filed a Reply, arguing therein that his involuntary-guilty-plea claim was not defaulted. (Doc. No. 31).

### III. Analysis

As explained below, Petitioner's involuntary-plea claim is procedurally defaulted, his claim that the trial court accepted his guilty plea in violation of due process is without merit, and his remaining claims are foreclosed by his guilty plea.

**A. Involuntary Guilty Plea**

Petitioner asserts that his guilty plea was involuntary, thus depriving him of his Fifth and Sixth Amendment rights. Respondent argues that this claim is procedurally defaulted.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly

present' his claim in each appropriate state court . . ., thereby alerting that court to the federal nature of the claim." *Id.* (citation omitted). In Tennessee,

> a litigant shall not be required to petition for rehearing or to file an application for permission to appeal to the Supreme Court of Tennessee following an adverse decision of the Court of Criminal Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Criminal Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim."

Tenn. Sup. Ct. R. 39). If a petitioner fails to properly exhaust a claim in state court, and the claim can no longer be raised in state proceedings because of a failure to follow state procedure for presenting such a claim, the claim is "technically exhausted" but procedurally defaulted. *Woodford v. Ngo*, 548 U. S. 81, 126 (2006).

Here, Petitioner appealed the denial of his motion to withdraw his guilty plea. (Doc. No. 26-6 at 118). However, he voluntarily dismissed that appeal before the Tennessee Court of Criminal Appeals resolved it on the merits. (*Id.* at 119, 121). Thus, he procedurally defaulted his claim by failing to fairly present it to the Tennessee Court of Criminal Appeals. *See Price v. Bobby*, No. 22-3746, 2023 WL 2361109, at *1 (6th Cir. Jan. 24, 2023) ("After the Ohio Court of Appeals granted Price leave to file a delayed appeal, he sought to voluntarily dismiss his appeal, and the court granted his request. Thus, the claim is procedurally defaulted because Price did not pursue it through the state's ordinary appellate-review procedures, and he may no longer do so.").

Petitioner argues that he avoided procedural default by challenging the voluntariness of his guilty plea in an application for extraordinary review in the Tennessee Supreme Court. (Doc. No. 31 at 4). However, "where a habeas petitioner had the opportunity to raise a claim in the state courts on direct appeal but only raised it for the first time on discretionary review, such a claim is not fairly presented." *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Petitioner did not satisfy the fair-presentment requirement

by taking his claim straight to the Tennessee Supreme Court in an application for extraordinary appeal.

Petitioner also argues that state-court exhaustion would have been futile, citing remand orders issued by Tennessee Court of Criminal Appeals in response to Petitioner's multiple attempted interlocutory appeals and requests for recusal of the state trial court judge. (Doc. No. 31 at 1−4). These adverse rulings on unrelated matters do not demonstrate "an absence of available State corrective process" or "circumstances . . . that render such process ineffective to protect [Petitioner's] rights." 28 U.S.C. § 2254(b)(1)(B). Petitioner has thus failed to demonstrate that exhaustion through the ordinary state appellate process would have been futile.

Petitioner procedurally defaulted his claim alleging an involuntary guilty plea, and the claim will be denied on that basis.

## B. Trial Court's Jurisdiction

Petitioner asserts that his due process rights were violated because the trial court lacked jurisdiction to accept his guilty plea due to a pending motion to recuse the judge. (Doc. No. 13 at 3). Respondent argues that this claim is not cognizable because it raises an issue of state law. (Doc. No. 27 at 3 n.2). Respondent is correct that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotation marks omitted). But an error of state law is cognizable on habeas if Petitioner shows that the error "amounts to . . . a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008). Here, Petitioner purports to assert a Due Process violation, but he cannot make the showing required for habeas relief on a Due Process claim.

Even assuming arguendo that the trial court judge violated state law by accepting Petitioner's guilty plea while a motion for recusal was pending, any such violation does not rise to

a Due Process violation. "Under the Due Process Clause, recusal is required when, objectively speaking, the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *United States v. Liggins*, 76 F.4th 500, 505 (6th Cir. 2023). The mere existence of a pending motion for recusal does not create an objectively intolerable probability of actual bias. Plaintiff is therefore not entitled to relief on this claim.

Petitioner also asserts that the trial court lacked jurisdiction to accept his guilty plea. Tennessee Supreme Court Rule 10B(1.01) provides, "While [a motion seeking disqualification or recusal of a trial judge] is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." Although this rule *instructs the Court not to rule on other matters* while a motion for recusal is pending, it does not purport to *deprive the trial court of jurisdiction* to rule on other matters while a motion for recusal is pending.[3] Indeed, the Tennessee Supreme Court has held that a stay of trial-court proceedings pending an appeal of the denial of a Rule 10B motion does not deprive the trial court of subject-matter jurisdiction. *In re Conservatorship of Malone*, 691 S.W. 3d 365, 371 (Tenn. 2024) ("The appellate court's stay order does not alter our analysis of the trial court's *subject matter jurisdiction.* It did not divest the trial court of subject matter jurisdiction over the case." (emphasis in original)).

The trial court's acceptance of Petitioner's guilty plea did not violate due process.

**C.  Effect of Guilty Plea**

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to

---

[3] It is one thing for a court, pursuant to a particular rule, to refrain from ruling on particular matters under particular circumstances prescribed in the rule. It is quite another for a court to be deprived of *jurisdiction* by that rule under those circumstances.

the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "Thus, after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) (applying *Tollett* in Section 2254 proceedings). Petitioner's remaining claims are thus all foreclosed by his guilty plea.[4]

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas corpus petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

---

[4] There is an open question as to whether a petitioner who pled guilty in state court may raise a claim based on the State's withholding of exculpatory evidence before the guilty plea. *See Wilkes v. Watson*, No. 5:23-CV-01773-JRK, 2025 WL 1222674, at *13 (N.D. Ohio Apr. 28, 2025) (collecting cases and noting disagreement among Sixth Circuit district courts). But even if such a claim is available, it would necessarily be included in Petitioner's claim challenging the voluntariness of his guilty plea, not an independent "fair trial" claim under *Brady v. Maryland*, 373 U.S. 83 (1963). *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees."). And, as discussed in Section III.A above, Petitioner's claim challenging the voluntariness of his guilty plea is procedurally defaulted.

Here, jurists of reason would not disagree that Petitioner's involuntary-plea claim is procedurally defaulted and that Petitioner is not entitled to relief on any of his remaining claims. Accordingly, this Court declines to issue a certificate of appealability. Petitioner may seek a certificate of appealability in the Sixth Circuit.

V.  Conclusion

Respondent's Motion to Dismiss (Doc. No. 27) is **GRANTED**. Petitioner's 28 U.S.C. § 2254 Petition is **DISMISSED**. Petitioner's Motion for Summary Judgment (Doc. No. 23) and Motion to Uphold Legal Rights (Doc. No. 29) are **DENIED** as moot.

This is the final order in this case, and because it denies all relief, the Clerk **SHALL** enter judgment. *See* Fed R. Civ. P. 58(b)(1)(C).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE